**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DOMINGO BLOUNT, | |
| Petitioner, | No. 23 CV 2530 |
| v. | Judge Thomas M. Durkin |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Petitioner Domingo Blount's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss Blount's petition. For the following reasons, Blount's motion is denied as untimely and the government's motion to dismiss is granted.

**Background**

In 2011, the government charged Blount in seven counts with violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846. R. 11 at 2. The charges arose from Blount's participation in a heroin distribution organization. *Id.* at 2–3. The government filed an information pursuant to 21 U.S.C. § 851(a) notifying Blount that it intended to rely on a prior conviction for a felony drug offense to trigger a sentencing enhancement under 21 U.S.C. § 841. *See id.* at 3. Blount's prior conviction was in the Circuit Court of Cook County, Illinois for the manufacture or delivery of a controlled substance in violation of 720 ILCS 570/401. *Id.* at 4. Blount pled guilty to all seven counts without a plea agreement and was ultimately sentenced in 2015 to 315 months

1

in prison. *Id.* at 4–6. The sentence was enhanced based on Blount's criminal history, including the prior Illinois conviction. *See id.*

Separate from Blount's case, the Seventh Circuit issued a ruling in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) on July 20, 2020. In *Ruth,* the Seventh Circuit found that the defendant's prior conviction under 720 ILCS 570/401 was not a felony drug offense and thus could not trigger a sentencing enhancement under 21 U.S.C. § 841. *Ruth*, 966 F.3d at 650.

On April 21, 2023, Blount filed a petition under 28 U.S.C. § 2255 arguing that his sentence was unlawfully enhanced because his prior Illinois conviction is no longer a felony drug offense under *Ruth*, and thus the offense does not support the sentencing enhancement under 21 U.S.C. § 841. R. 1. In response, the government moves to dismiss arguing that Blount's petition is untimely. R. 11.[1]

## Legal Standard

For a petitioner to obtain relief under § 2255, he must file his petition within the one-year limitations period prescribed by the statute. *See* 28 U.S.C. § 2255(f). If filing after the one-year limitations period, the petitioner may still obtain relief if he is entitled to equitable tolling, *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021), or if he can raise a claim of actual innocence, *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019).

---

[1] The government has not yet obtained a copy of Blount's sentencing transcript and reserves its right to respond on the merits once it obtains the transcript. R. 11 at 1. Absent the transcript, the government's motion to dismiss addresses only the issue of timeliness. *Id.* at 7–16. For this opinion, the Court addresses only whether the petition is timely.

**Discussion**

**1. Limitations Period Under 28 U.S.C. § 2255**

Under § 2255, the limitations period extends one year from the latest of the following four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or the laws of the United States is removed, if movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(f)(4).

Sections 2255(f)(2) and (f)(4) do not apply to this case. Blount does not assert an "impediment" under § 2255(f)(2) and he does not assert relevant "facts" under § 2255(f)(4).

Regarding § 2255(f)(1), if a convicted person files, and then dismisses, an appeal from conviction, the date of finality is 90 days after the date of dismissal. *Latham v. United States*, 527 F.3d 651, 651–53 (7th Cir. 2008). Blount filed an appeal after his 2015 sentencing and voluntarily dismissed the appeal on January 8, 2016. R. 11. at 8. The judgment thus became final after 90 days, on April 8, 2016, giving Blount until April 8, 2017 to file a timely petition. Blount did not file his petition until April 21, 2023. Thus, Blount's petition is thus untimely under § 2255(f)(1).

Regarding § 2255(f)(3), Blount's petition is based on the decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Yet *Ruth* is a Seventh Circuit case, not a Supreme Court case, and is outside the bounds of the statute. Additionally, *Ruth* is not retroactively applicable on collateral review under 28 U.S.C. § 2255. *See United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) (citing *White v. United States*, 8 F.4th 547, 556–57 (7th Cir. 2021). Further, even if *Ruth* did fit the statute's criteria, *Ruth* was decided on July 20, 2020 and thus Blount would have had until July 20, 2021 to file his petition. Section 2255(f)(3) does not apply and even if it did, Blount's petition would still be untimely.

## 2. Equitable Tolling

Section 2255's limitation period is subject to equitable tolling. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The "threshold necessary to trigger equitable tolling is very high." *Id.* Equitable tolling is an "extraordinary remedy that is rarely granted" and requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Ademiju*, 999 F.3d at 477 (citations omitted).

Blount asks the Court to "waive any timeliness issues in light of Blount's entitlement to relief, Blount's rehabilitation and the circumstances presented by the COVID-19 pandemic," R. 1 at 11, which the Court construes as a request for equitable tolling. Yet Blount fails to provide facts that support equitable tolling. He does not provide any facts to show that he diligently pursued his rights. He also fails to show an "extraordinary circumstance." An extraordinary circumstance is "present only

4

when an external obstacle beyond the party's control stood in its way and caused the delay." *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (citations omitted). Blount's general reference to the "COVID-19 pandemic" is insufficient to meet the high threshold required for equitable tolling. He gives no indication as to how or why the pandemic "caused the delay" and prevented him from filing this petition within the limitations period.

### 3. Actual Innocence

The doctrine of actual innocence serves as a "gateway" to "excuse procedural defaults that would otherwise bar a federal court from reaching the merits of the underlying claim." *Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015). Such procedural defaults include expiration of the limitations period, allowing a petitioner to bring an untimely claim if he can show a federal constitutional violation that resulted in the incarceration of an innocent individual. *See Lund*, 913 F.3d at 667.

The actual innocence gateway is narrow. *Gladney*, 799 F.3d at 896. "The Supreme Court has not recognized a petitioner's right to habeas relief based on a stand-alone claim of actual innocence." *Id.* at 895 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) and *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)). The Supreme Court has flagged the possibility that actual innocence might be enough to justify relief in a capital case on the theory that the execution of one who is actually innocent violates the Eighth Amendment. *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018) (citing *Herrera*, 506 U.S. at 405). "Apart from that potential exception, however, the [Supreme] Court's habeas jurisprudence makes clear that a claim of

5

actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* "Framing the exception as a gateway presupposes that a petitioner will have underlying claims separate from the claim that he is actually innocent." *Lund*, 913 F.3d at 668. Simply put, to obtain relief, "a petitioner must show an independent constitutional violation." *Gladney*, 799 F.3d at 895.

Blount asserts a stand-alone claim of actual innocence based on *Ruth* and fails to assert an independent constitutional violation. *See* R. 1. Recognizing this, Blount tries to create a violation by asking the Court to construe his petition as a due process claim: "Blount's claim is a due process claim (and to the extent that the claim is not apparent on the face of Blount's petition, then Blount asks the Court to liberally construe his petition as incorporating such a claim)." R. 12. at 2–3. Courts liberally construe filings by pro se litigants such as Blount. *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017). Yet even construing Blount's petition as incorporating a claim for due process, the claim does not assert an independent constitutional violation because Blount fails to connect the violation of due process to anything other than actual innocence. Neither the Supreme Court nor the Seventh Circuit have found that due process supports independent claims of actual innocence. *See Cal v. Garnett*, 991 F.3d 843, 850–51 (7th Cir. 2021) (collecting cases). And the Court declines to do so now. The Court cannot grant habeas relief based on a claim that neither the Supreme Court nor the Seventh Circuit has recognized as cognizable. *See, e.g., Cole v. Pfister*, 2018 WL 1508483, at *9 (N.D. Ill. Mar. 27, 2018) (explaining

6

that "courts in this Circuit recognize *Herrera* and routinely reject" freestanding claims of actual innocence (collecting cases)).

Blount contends that *Lomax v. United States*, 2021 WL 490271 (S.D. Ind. Feb. 9, 2021), *aff'd*, 51 F.4th 222 (7th Cir. 2022) is dispositive. R. 12 at 2. In *Lomax*, the district court ordered that Mr. Lomax should be resentenced because his prior Indiana conviction was not a "felony drug offense" under current Seventh Circuit precedent and as a result, he was actually innocent of the sentencing enhancement. *Lomax*, 2021 WL 490271 at *3–4. But *Lomax* does not control for two reasons. First, *Lomax* does not deal with expiration of a limitations period, *id.* at *1, and is thus irrelevant to this analysis. Second, even if *Lomax* were relevant, this Court remains bound by Supreme Court and Seventh Circuit precedent rather than a district court in the Southern District of Indiana. Though *Lomax* was affirmed by the Seventh Circuit, the question of actual innocence was not at issue on appeal. *See United States v. Lomax*, 51 F.4th 222 (7th Cir. 2022). *Lomax* does not apply to this case and the Court remains bound by precedent requiring that Blount assert an independent constitutional violation to pass through the gateway of actual innocence.

## Conclusion

For the foregoing reasons, the Court denies Blount's motion as untimely, R. 1, and grants the government's motion to dismiss, R. 11.

7

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 1, 2023

8